UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON TERRAL THOMAS,<br><br>    Petitioner<br><br>v.<br><br>WARDEN OF HIGH DESERT STATE PRISON, et al.,<br><br>    Respondent | Case No.: 2:22-cv-02030-JAD-EJY<br><br>**Order Screening Federal Habeas Petition**<br><br>[ECF No. 1] |

    Counseled petitioner Cameron Terral Thomas filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] On initial review under the Habeas Rules,[2] I find that service of the petition is warranted, so I direct the petition to be served.

**Procedural History**[3]

    Thomas challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County in *State of Nevada v. Cameron Thomas*, case number C-11-277559-1. On August 12, 2016, the state court entered a judgment of conviction, after a jury trial, for three counts of sexual assault with a child under the age of 14 years, eight counts of lewdness with a child under the age of 14 years, and two counts of attempted lewdness with a child under the age of 14 years. In aggregate, Thomas was sentenced to 40 years to life in prison. Thomas appealed, and the Nevada Supreme Court affirmed in part and reversed in part on January 4, 2019,

---

[1] ECF No. 1.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

reversing Thomas's convictions for Counts 2 and 6 and remanding the case to the state court for resentencing. Thomas petitioned for rehearing and for en banc reconsideration. On February 20, 2019, and June 13, 2019, the respective petitions were denied. Thomas petitioned for a writ of certiorari, but the United States Supreme Court denied the petition on January 17, 2020. Remittitur issued that same day, January 17, 2020. Thomas was resentenced on March 10, 2020, and an amended judgment of conviction was entered on March 16, 2020.

On October 2, 2020, and October 6, 2020, Thomas filed a state petition for writ of habeas corpus and amended petition, respectively, in *Cameron Thomas v. State of Nevada*, case number A-20-822331-W. An evidentiary hearing was held on May 7, 2021. The state court denied post-conviction relief on June 4, 2021. Thomas filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on September 9, 2022. Remittitur issued on October 4, 2022. Thomas filed his petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 7, 2022.[4]

## Screening

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief.[5] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[6] Having completed an initial screening of Thomas's petition, I find that a response is warranted, so I direct the petition to be served.

---

[4] ECF No. 1.

[5] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[6] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

It is THEREFORE ORDERED that the Clerk of Court is instructed to **ADD** Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, **electronically serve** respondents' counsel a copy of the petition (ECF No. 1), electronically provide respondents' counsel a copy of this order, and electronically provide respondents' counsel copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing.

It is FURTHER ORDERED that **Respondents' counsel must ENTER A NOTICE OF APPEARANCE within 21 days** of entry of this order and **ANSWER OR OTHERWISE RESPOND to the petition within 60 days** of entry of this order.

If Respondents file an answer to the petition, Thomas will have 60 days to file a reply to the answer. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2).[7] In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

---

[7] *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.[8]

The hard copy of any exhibits shall be delivered–for this case–to the Reno Clerk's Office. Courtesy copies of exhibits should **not** be provided.

Dated: December 9, 2022

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] *See* LR IC 2-2(a)(3)(A).